**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANDRE BRIDGES, # M44731,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-00010-MAB** |
| | ) | |
| **JUSTIN KULICH,** | ) | |
| **MATTHEW DULANEY,** | ) | |
| **MARSHALL ANDERSON,** | ) | |
| **SHANE SULSER,** | ) | |
| **AARON TAYLOR,** | ) | |
| **VINCENT KIEFER, and** | ) | |
| **TREVOR ROWLAND,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Kulich, Dulaney, Sulser, Taylor, Kiefer, and Rowland (Doc. 39). Plaintiff did not file a response to the motion within the timeframe for doing so. Consequently, Plaintiff's failure to respond to Defendant's motion is deemed an admission that Defendants' version of the facts is true. SDIL-LR 56.1(g). And, for the reasons outlined below, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 39) will be GRANTED.

## BACKGROUND

Plaintiff Andre Bridges is currently incarcerated at Menard Correctional Center (Doc. 42). He filed this *pro se* civil action for alleged violations of his constitutional rights,

on December 20, 2022 (*See* Doc. 1, p. 14). Following preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following claims (Doc. 12, pp. 4-6):

**Count 1: Eighth Amendment excessive force claim against Defendants Kulich, Dulaney, Anderson, Sulser, Taylor, and Kiefer for spraying Plaintiff with pepper spray, and sexually and physically assaulting him on December 20, 2022.**

**Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Kulich, Dulaney, Anderson, Sulser, Taylor, Kiefer, and Rowland for delaying and/or denying Plaintiff medical attention for the injuries he sustained from the assaults of December 20, 2022.**

On November 24, 2025, Defendants Kulich, Dulaney, Sulser, Taylor, Kiefer, and Rowland filed their Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 39). Defendants, after being prompted by the Court, filed their Rule 56 Notice on December 2, 2026 informing Plaintiff of the consequences of failing to respond to the Motion for Summary Judgment (*See* Docs. 40, 41). Accordingly, Plaintiff's response was due on or before January 2, 2026. Plaintiff, however, did not file a response within the timeframe allotted.[1] On March 23, 2026, nearly three months after his response was originally due, Plaintiff sought an extension of time to respond to Defendant's Motion for Summary Judgment, claiming that his access to the law library and legal resources was limited and that he did not have the necessary documents from

[1] Plaintiff did demonstrate he was able to communicate with the Court during this timeframe, filing a notice with the Court of a change in his address (*See* Doc. 42). However, Plaintiff did not indicate in this filing that he needed any additional time to respond to the Defendants' Motion or was having difficulty preparing a response.

another prison (Doc. 48). Defendants responded, with documentation, demonstrating that Plaintiff made no such requests to use the law library and that Plaintiff could access legal material from his tablet (Doc. 50). In light of the Defendants' response, the Court denied Plaintiff's much belated request for an extension of time, finding that Plaintiff failed to demonstrate good cause or excusable neglect to justify an extension after missing his deadline by nearly three months (Doc. 52).

## FACTS

In this case, Plaintiff's failure to respond to Defendant's motion for summary judgment is deemed an admission that Defendant's version of the facts is true. SDIL-LR 56.1(g) ("All material facts set forth in a Statement of Material Facts . . . shall be deemed admitted for purposes of summary judgment unless specifically disputed."). The Court thus credits Defendant's uncontroverted facts so long as they are properly supported by evidence in the record. *See* FED. R. CIV. P. 56(e)(2); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted).

### Relevant Grievances

According to the grievance records, Plaintiff filed two grievances shortly after the incident at issue in his Complaint (*See* Doc. 39-2). The next grievance Plaintiff filed was a year later and was wholly unrelated to this case (*Id*. at p. 2). Accordingly, the following two grievances are the relevant grievances for the Court's analysis: Grievance No. 383-1-23, dated December 27, 2022 (Doc. 1, pp. 6-7; Doc. 39-1, pp. 38-39); and Grievance No. 168-1-23, dated January 13, 2023 (Doc. 1, pp. 9-10; Doc. 39-1, pp. 41-42). The Court will discuss each of these grievances in turn.

**<u>Grievance No. 383-1-23</u>**

In this grievance dated December 27, 2022, Plaintiff describes the alleged excessive force and sexual assault of December 20, 2022 (Count 1), by unknown officers in tactical uniforms (Doc. 1, p. 6, 39-1, pp. 38-39; 39-2, p. 1). Plaintiff also grieves the unknown officers' refusal to provide him any medical attention, despite his numerous request (*Id*.) (Count 2). The counselor's response to Plaintiff's grievance is dated May 2, 2023 (*Id*.). The IGRV records indicate the counselor's response was returned to Plaintiff on May 9, 2023 (Doc. 39-2, p. 1). The counselor's response to Plaintiff's grievance noted the incident had already been investigated and deemed unsubstantiated by IA (Internal Affairs), and Plaintiff was seen for x-rays in January 2023 (Doc. 1, p. 6; Doc. 39-1, pp. 38-39). According to the IGRV log, this grievance was never submitted by Plaintiff for second level review to the grievance office (*See* Doc. 39-2, p.1). The IGRV log also indicates that Plaintiff failed to submit this grievance to the Chief Administrative Officer ("CAO") for further review (*Id*.). The grievance was stamped "Received" by the Administrative Review Board ("ARB") on May 23, 2023 (Doc. 1, p. 6; Doc. 39-1, pp. 38-39). The ARB returned the grievance on June 5, 2023, noting "Additional information required" and instructing Plaintiff to provide a copy of the response to his grievance, including the grievance officer's and CAO's response (Doc. 1, p. 8; Doc. 39-1, p. 37). However, there is no documentation in the record indicating that Plaintiff ever resubmitted any of these

materials to the ARB.[2]

**Grievance No. 168-1-23**

Plaintiff dated this grievance January 13, 2023 and marked it as an emergency. In it, he states that he wrote a grievance on December 27 concerning a PREA incident where he was sexually assaulted by a staff member and complaining he had been retaliated against since making that report (Doc. 1, p. 9; Doc. 39-1, p. 41). Plaintiff requested an investigation and restoration of his yard and TV privileges (*Id.*). The CAO deemed the grievance a non-emergency on January 18, 2023. *Id.* A counselor's response dated February 24, 2023 noted that Plaintiff's TV had been returned and his yard privileges restored. *Id.* The counselor's response was returned to Plaintiff on March 1, 2023 (Doc. 39-2, p. 1). After receiving the counselor's response, Plaintiff failed to submit this grievance for second level review to grievance officer or the CAO (Doc. 39-2, p.1). [3] It appears Plaintiff again appealed this grievance straight to the ARB. On May 23, 2023 the ARB received Plaintiff's grievance and on June 1, 2023, the ARB determined the grievance was not submitted in the proper timeframe and found there was no justification for additional consideration (Doc. 1, p. 12; Doc. 39-1, p. 40).

[2] This makes sense because the IGRV records make clear that Plaintiff never pursued this grievance further to the grievance officer or CAO after receiving the counselor's response.

[3] Plaintiff attached a Memorandum from Warden Anthony Wills dated February 27, 2023 to his Complaint (Doc. 1, p. 11). However, this Memorandum is a response to the Prison Rape Elimination Act ("PREA") investigation conducted as a result of Plaintiff's allegations made on January 9, 2023. Although the allegations that were investigated appear to be the same conduct at issue in Plaintiff's grievance, the PREA investigation is separate and apart from the grievance process and the Court cannot construe it as a CAO response to Grievance 168-1-23. And even if the Court did construe it as such, the evidence still demonstrates that Plaintiff never submitted this grievance to the grievance officer, which is the required second step in the grievance process.

## DISCUSSION

Summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding a motion for summary judgment, the court's task is to view the record and draw all reasonable inferences in the light most favorable to the non-moving party and decide if there is a genuine material dispute of fact. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021); *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014). In instances like this, where "a nonmovant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment was proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *see also Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022). In order for a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must

be fully completed before the prisoner files suit; a case filed while a grievance appeal is still ongoing is premature and must be dismissed without prejudice. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *see* also *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because Plaintiff was an IDOC inmate when he filed this action, he was required to follow the grievance process set forth in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. "A grievance must be filed…within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). A grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the prisoner does not know a person's name, he "must include as much descriptive information about the individual as possible." *Id.* If an inmate is unsatisfied with the outcome at the facility, he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a). Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023-24.

An inmate is required to exhaust only those administrative remedies that are available to him. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dol*e, 438 F.3d at 809.

Here, with respect to Grievance No. 383-1-23, the counselor's response to Plaintiff is dated May 2, 2023 (Doc. 1, p. 6, 39-1, pp. 38-29; 39-2, p. 1). The IGRV records indicate the response was returned to Plaintiff on May 9, 2026 (Doc. 39-2, p. 1). The undisputed evidence before the Court demonstrates that Plaintiff did not pursue this grievance to second level review with the grievance officer, as he was required to do (Doc. 39-2, p. 1). Instead, once Plaintiff received a response from his counselor, he appealed straight to the ARB, which returned his grievance, instructing him to resubmit the grievance with the grievance officer's response and CAO's response, which Plaintiff failed to do (Doc. 39-1, p. 37). In short, Plaintiff skipped two critical steps in the grievance process, which is fatal.[4]

With respect to Grievance 168-1-23, Plaintiff dated this grievance January 13, 2023, marked it as an emergency, but the CAO deemed the grievance a non-emergency on January 18, 2023 (Doc. 1, p. 9; Doc. 39-1, p. 41). The counselor's response to Plaintiff's grievance is dated February 24, 2023 (*Id.*). The IGRV records indicate the counselor's response was returned to Plaintiff on March 1, 2023 (Doc. 39-2, p. 1). Again here, the undisputed evidence before the Court is that Plaintiff again failed to pursue this grievance to the grievance officer and the CAO (Doc. 39-2, p.1), thus missing critical steps

[4] Although the approximate four-month delay in the counselor's response raises an eyebrow, Plaintiff did ultimately receive a response to Grievance No. 383-1-23. Plaintiff waited for that response, received it, but simply took the wrong step in appealing the grievance straight to the ARB rather than the grievance office, as he was required to do. Moreover, Plaintiff filed a subsequent grievance on January 13, 2023 (Grievance No. 168-1-23) while he was awaiting a response to his first grievance and the counselor responded to that grievance on February 24, 2023 (Doc. 39-1, p. 41). The counselor's response was returned to Plaintiff on March 1, 2023 (Doc. 39-2, p. 1).

in the grievance process. Instead, Plaintiff appealed this grievance straight to the ARB on May 23, 2023. The ARB determined the grievance was not submitted in the proper timeframe and found there was no justification for additional consideration (Doc. 1, p. 12; Doc. 39-1, p. 40). Granted, it might have made more sense had the ARB simply denied Grievance 168-1-23 for the same reasons it denied Plaintiff's other relevant grievance: *i.e.* that it did not contain the grievance officer's and CAO's response (*Compare* Doc. 39-1, p. 37 *with* 39-1, p. 40). However, the Court does not believe this is of consequence because the record before the Court clearly demonstrates that Plaintiff failed to follow all of the necessary steps in the grievance process before appealing his grievance to the ARB. In other words, Plaintiff's grievance was procedurally deficient and could not be addressed by the ARB on the merits.

In sum, the undisputed evidence demonstrates that Plaintiff skipped two critical steps in the grievance process, which is fatal. After receiving the counselor's response, Plaintiff appealed each of the two relevant grievances straight to the ARB. Plaintiff was required to appeal each of these grievances to the grievance officer and then to the CAO before appealing to the ARB. Because Plaintiff failed to follow the necessary steps, he did not fully exhaust his claims with respect to the Defendants. Accordingly, the Motion for Summary Judgment on the Issue of Exhaustion (Doc. 39) will be GRANTED.

## DISPOSITION

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Kulich, Dulaney, Sulser, Taylor, Kiefer, and Rowland (Doc. 39) is **GRANTED**. Defendants Justin Kulich, Matthew Dulaney, Shane Sulser, Aaron Taylor,

Vincent Kiefer, and Trevor Rowland are **DISMISSED** from this action **without prejudice** for Plaintiff's failure to exhaust his administrative remedies regarding his claims against them.

As of the date of this Order, Defendant Anderson has not yet submitted a motion for summary judgment on the matter of exhaustion, in accordance with the Initial Scheduling and Discovery Order (Doc. 35, pp. 5-6; *see also* Docs. 57, 58). If Anderson files such a motion, Plaintiff will have 30 days to respond or to ask the Court for more time to do so (Doc. 35, p. 5).

**IT IS SO ORDERED.**

**DATED: August 28, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**